# IN THE COURT OF APPEALS OF IOWA

No. 21-1500
Filed June 29, 2022

IN THE INTEREST OF S.L.,
Minor Child,

R.L., Father,
        Appellant,

R.D., Mother,
        Appellant.

_____

Appeal from the Iowa District Court for Wapello County, William S. Owens, Associate Juvenile Judge.

A mother and a father separately appeal the termination of their parental rights to one child. **AFFIRMED ON BOTH APPEALS.**

Jonathan Willier, Centerville, for appellant father.

Lynnette M. Lindgren of Faulkner, Broerman & Lindgren, Oskaloosa, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Sarah Wenke, Ottumwa, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother and a father separately appeal the termination of their parental rights to a child born in May 2020.[1] Each seeks more time to reunite with the child.[2] The mother also contests the finding that termination is in the child's best interests and claims termination will be detrimental to the child because of the closeness of their bond. On our de novo review, *see In re B.H.A*., 938 N.W.2d 227, 232 (Iowa 2020), we affirm.

The child was removed from the parents at birth and adjudicated a child in need of assistance (CINA) after testing positive for amphetamine and methamphetamine and showing signs of drug withdrawal. Both the mother and the father admitted recent drug use and were unwilling to engage in safety planning with the Iowa Department of Human Services (DHS). The child was placed in foster care and remained there throughout the juvenile court proceedings.

In the year that followed, little changed. Neither parent addressed concerns about their substance use, mental health, or living conditions. The mother and the father conceived another child, and that child also tested positive for amphetamine and methamphetamine in August 2021. The mother and the father had been living in their vehicle since March 2021.

---

[1] The mother has five other children who are not in her care. Her parental rights were terminated to at least one child, in 2018, because of substance-abuse and mental-health issues.

[2] Each parent's brief states the issue on appeal is the State's failure to make reasonable efforts to return the child to the home. But neither challenges the services offered. Instead, each requests more time to address the concerns that lead to the child's removal.

The State petitioned to terminate both the mother's and the father's parental rights in July 2021. After an October hearing, the juvenile court terminated the mother's and the father's parental rights under section 232.116(1)(e) and (h) (2021). It also terminated the mother's parental rights under section 232.116(1)(g).

Iowa Code section 232.104(2) provides the court with four options after a permanency hearing: return the child home, extend the placement for six months, institute termination proceedings, or transfer custody. On appeal, both the mother and the father ask for more time. *See* Iowa Code § 232.104(2). But the court may continue a child's placement for six months only if doing so will eliminate the need for the child's removal. *See id.* § 232.104(2)(b). To do so, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.*

No evidence shows that another six months will change this child's situation. In the fifteen months that passed between the CINA adjudication and termination, neither parent changed. Instead, they repeated their mistakes, resulting in another child testing positive for methamphetamine at birth. This pattern is telling. *See B.H.A.*, 938 N.W.2d at 233 (stating a parent's past performance provides insight into the child's future if returned to the parent's care). We view termination proceedings with a sense of urgency once the time provided in section 232.116(1) passes. *See In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000). Here, that period was six months. *See* Iowa Code § 232.116(1)(e)(2), (h)(3). Based on the facts before us, we decline to apply section 232.104(2)(b) to delay permanency.

In passing, the mother disagrees with the juvenile court's conclusion that termination is in the child's best interests. Section 232.116(2) provides the framework for the best-interests determination. S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). It states that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). Because the overwhelming evidence shows the mother cannot meet the child's needs now or in the future, termination is in the child's best interests.

The mother also claims termination will be detrimental to the child based on the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). The mother bears the burden of proof on this issue, and the decision to save the parent-child relationship is discretionary and based on the facts of the case. *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). The child was removed at birth and never returned. The mother was provided four hours of supervised visitation per week but failed to attend consistently in the six months right before termination. There is no showing that termination will be detrimental to the child.

For these reasons, we affirm the termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**